■ In the Matter of BARBARA Moss et al., Respondents, v PLANNING BOARD OF THE VILLAGE OF MONTGOMERY et al., Appellants. MONTGOMERY MART, LTD., Intervenor-Appellant. [674 NYS2d 94] —In a proceeding pursuant to CPLR article 78 to review two determinations of the Planning Board of the Village of Montgomery, both dated June 29, 1995, which granted a special exception use permit and final site plan approval, respectively, to the intervenor Montgomery Mart, Ltd., to operate a gasoline filling station and convenience mart on the subject property, the Planning Board of the Village of Montgomery and Montgomery Mart, Ltd., separately appeal from a judgment of the Supreme Court, Orange County (Murphy, J.), dated

November 9, 1995, which granted the petition and annulled the determinations.

Ordered that the appeal of the Planning Board of the Village of Montgomery is dismissed for failure to perfect same in accordance with the rules of this Court (*see*, 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by Montgomery Mart, Ltd.; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The Supreme Court properly annulled the determinations of the Planning Board of the Village of Montgomery. The proposed filling station, located in a B-2 Business District, would be a special exception use for that district (*see*, Village of Montgomery Business and Industrial Districts Table of Use Regulations, Part II). The Code of the Village of Montgomery clearly states that the Planning Board's power to grant a permit for a special exception use, *inter alia*, is subject to certain special conditions (*see*, Village of Montgomery Zoning Code § 122-47). Here, the particular site failed to meet several of the conditions prescribed for a filling station use under including the minimum lot area, frontage, and distance from a place of public assembly (*see*, Village of Montgomery Zoning Code § 122-47 [C]).

Additionally, under the facts of this case, the court properly found that Village of Montgomery Zoning Code § 122-39 (C), which permits the reconstruction, alteration, restoration, or repair of a nonconforming building or structure, provided, *inter alia*, it is "not devoted to a nonconforming use", is inapplicable to establish a special exception use on the subject property.

The intervenor's remaining contentions are without merit. Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.